Case 1:08-cv-04997-JSR    Document 1    Filed 05/30/2008    Page 1 of 9



JUDGE RAKOFF

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ABS BREAKBULK SERVICES GMBH
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABS BREAKBULK SERVICES GMBH,

                              Plaintiff,

        v.

TOTALMAR NAVIGATION CORP.,

                            Defendant.
------------------------------------------------------------X

08 CV



**VERIFIED COMPLAINT**

Plaintiff ABS BREAKBULK SERVICES GMBH (hereinafter "ABS BREAKBULK"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, TOTALMAR NAVIGATION CORP., (hereinafter "TOTALMAR") alleges upon information and belief as follows:

JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.  At all times material hereto, plaintiff ABS BREAKBULK was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with a place of business in Germany.

3.  The plaintiff ABS BREAKBULK was the owner, disponent owner and/or potential disponent owner of several vessels including the M/V GO STAR and the M/V PROTECTOR, and the business of ABS BREAKBULK is to charter its vessels to others for the carriage of cargo in exchange for payments of hire or freight.

4.  At all times material hereto, defendant TOTALMAR was and still is a foreign corporation organized under and existing by virtue of the laws of the Republic of Panama and with offices in Venezuela.

5.  The defendant TOTALMAR is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6.  On December 7, 2007, plaintiff ABS BREAKBULK, as owner, entered into a contract of affreightment with defendant TOTALMAR, as charterer, whereby defendant TOTALMAR agreed to charter vessels for two (2) definite shipments with the option for four (4) additional shipments between Shanghai, China and Maracaibo, Venezuela, the first two on specific dates and the four remaining shipments to occur in January of 2008.

7.  The contract of affreightment between plaintiff ABS BREAKBULK and defendant TOTALMAR is a maritime contract entered into on a Baltic and International

Maritime Council "GENCON" form with additional rider clauses appended thereto and incorporated by reference (hereinafter collectively referred to as the "maritime contract").

8. In accordance with the maritime contract, the first shipment was nominated by the defendant TOTALMAR, loaded and transported by plaintiff ABS BREAKBULK aboard the M/V MARJATTA P, and successfully discharged.

9. In accordance with the maritime contract, the second shipment was nominated by the defendant TOTALMAR, loaded and transported by plaintiff ABS BREAKBULK aboard the M/V GO STAR, and successfully discharged.

10. At the conclusion of the first two (2) shipments under the maritime contract defendant TOTALMAR owed a balance of $42,192.21 to plaintiff ABS BREAKBULK in deadfreight and tally expenses.

11. Further, defendant TOTALMAR exercised the option for the four (4) additional shipments by nominating a third cargo for shipment under the maritime contract.

12. In breach of the maritime contract, defendant TOTALMAR then failed to produce any cargo for the remaining four (4) shipments in January of 2008 having exercised the option for the four (4) additional shipments.

13. As nearly as can now be estimated, this resulted in a total lost profit to plaintiff ABS BREAKBULK of $4,636,241.76.

14. TOTALMAR's failure to produce and/or nominate any further cargo for the remaining four shipments in January of 2008 as it was required to do under the maritime contract constitutes a breach of the maritime contract and, therefore, plaintiff

ABS BREAKBULK has an *in personam* maritime claim against defendant TOTALMAR for said breach.

15.    The maritime contract between the plaintiff ABS BREAKBULK and defendant TOTALMAR, dated December 7, 2007 provides at Box 25 that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

16.    Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

17.    In accordance with the terms and conditions of the charter party, the plaintiff ABS BREAKBULK is preparing to initiate arbitration proceedings against defendant TOTALMAR in London.

18.    As best as can now be estimated, the plaintiff ABS BREAKBULK expects to recover the following amounts in London arbitration from the defendant TOTALMAR:

| | | | |
|---|---|---|---|
| | A. | Claim for deadfreight on the MV GO STAR | $ 42,192.31 |
| | B. | Claim for lost profit on four voyages | $4,636,241.76 |
| | B. | Estimated interest on claims A and B 3 years at 8.5%, compounded quarterly | $1,342,797.75 |
| | C. | Estimated attorneys' fees: | $ 100,000.00 |
| | D. | Estimated arbitration costs/expenses: | $ 50,000.00 |
| **Total** | | | **$6,171,231.82** |

## PRAYER FOR RELIEF

18. Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

19. Plaintiff ABS BREAKBULK believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

20. As set forth in the accompanying affidavit of George E. Murray, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

21. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi*

*in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Affidavit of George E. Murray, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **$6,171,231.82**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       May 30, 2008

                                    CHALOS, O'CONNOR & DUFFY, LLP
                                    Attorneys for Plaintiff,

                              By:   _____
                                    George E. Murray (GM-4172)

6

Owen F. Duffy (OD-3144)  
366 Main Street  
Port Washington, New York 11050  
Tel: (516) 767-3600  
Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ABS BREAKBULK SERVICES GMBH,
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ABS BREAKBULK SERVICES GMBH,

      Plaintiff,

   v.

TOTALMAR NAVIGATION CORP.,

      Defendant.
-------------------------------------------------------------------X

08 CV _____ (___)

**VERIFICATION**

STATE OF NEW YORK :
         : ss.
COUNTY OF NASSAU :

  BEFORE ME, the undersigned authority, personally came and appeared George E. Murray, who, after being duly sworn, did depose and state:

  1.  That he is an associate in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, ABS BREAKBULK SERVICES GMBH, herein;

  2.  That he has read the foregoing complaint and knows the contents thereof;

  3.  That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4.  That the reason that this verification was made by deponent and not by the Plaintiff is because the officers' verification of Plaintiff could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
May 29, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ABS BREAKBULK SERVICES GMBH

By: _____
George E. Murray (GM-4172)
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
May 29, 2008

_____
Notary Public, State of New York

TIMOTHY SEMENORO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SE6112804
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JULY 12, 2008

2